Harrington & Howe, for appellant.

---

## FRANCIS L. FARMAN v. FRANCIS CHAMBERLAIN ET AL.

1. *Complaint—Demurrer—Husband and Wife—Coverture.*—A complaint, good in part, will successfully resist an attack made by a demurrer to it as an entirety. A wife may maintain an action for money paid at the request of another, and coverture is no defense in such an action.

2. *Answer.*—An answer which undertakes to answer a whole complaint and only answers part, is bad.

3. *Reply—Demurrer—Husband's Gift of Wife's Services.*—A husband may make a valid gift of his wife services to her, and the party against whom she seeks a recovery cannot successfully dispute her right to maintain the action.

4. *Husband and Wife—Witness.*—A wife is a competent witness when she is the owner, in her own right, of the cause of action.

Filed June 18, 1881.

Appeal from Marion Superior Court.

Opinion of the court by Mr. Justice Elliott.

The appellees were the plaintiffs below, and in their complaint alleged that the appellant was indebted to Frances Chamberlain, the wife of James Chamberlain, her co-appellant, for services rendered by said Frances in caring for and nursing one Josephine Fisher, and for money paid out by said Frances Chamberlain, at appellant's request, in the sum of five hundred dollars.

Appellant urges that a demurrer which he addressed to the complaint, ought to have been sustained. The argument is, that as Frances Chamberlain was a married woman, her husband was the only party who could maintain an action for services rendered by her.

It is sufficient to say of this argument, although other reasons for declaring it invalid might be assigned, that it leaves out of consideration the fact that the complaint was incontestably good, so far as the cause of action stated rested upon the claim for money paid at the appellant's request. It needs neither authority nor argument to support the proposition that a complaint good in part will successfully resist an attack made by a demurrer to it as an entirety.

Appellant answered the coverture of Frances Chamberlain, the real party in interest. To this answer the appellee, Frances Chamberlain, replied that she was entitled to all the income or compensation accruing from her services by gift thereof from her husband. To this reply the appellant unsuccessfully demurred.

There was no error in overruling the demurrer to the reply. The answer was bad because it undertook to answer the entire complaint and answered only a part. Coverture was no defense to that part of the complaint which sought a recovery for money paid out at the request of appellant. A married woman has a right to recover money paid by her at another's request. Even if it were conceded that the reply was bad, still there was no available error in overruling the demurrer, because a bad reply was good enough for a bad answer.

The reply was good. A husband may make a valid gift of his wife's services to her, and the party against whom she seeks a re-

covery for such services cannot successfully dispute her right to maintain the action. Schouler's Domestic Rel. 243; *Cooper* v. *Ham*, 49 Ind. 393.

Among the reasons assigned for a new trial is one based upon the ruling of the court permitting Mrs. Chamberlain to testify as a witness. The court did right. The wife was the owner in her own right of the cause of action; the husband was only a nominal plaintiff, and she was a competent witness under the statute in force at the time of the trial. *Farman* v. *Lauman* (this term.)

It is argued that the motion for a new trial ought to have been sustained because the verdict was contrary to the evidence. All we need say upon this point is that the verdict is clearly right upon the evidence.

Judgment affirmed at the costs of appellant.

Harvey & Galvin for appellant.